IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AASIM NASH,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-07-00160 |
| v. | : | (Chief Judge Kane) |
| **SUPERINTENDENT ROBERT SHANNON, et al.** | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**I.   Background**

Plaintiff, Aasim Nash, an inmate at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on January 29, 2007.[1]  The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915.  For the reasons that follow, Plaintiff will be required to file an amended complaint within twenty (20) days of the date of this Order or his complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**II.   Discussion**

The complaint names as defendants Robert Shannon, Superintendent of the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), and "employees at SCI-Frackville."  (Doc. 1 at 2.)  In the complaint, Plaintiff raises issues involving alleged sexual assault by prison officials.  Plaintiff seeks transfer to another prison facility.[2]

---

[1] Plaintiff completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.  The court then issued an Administrative Order directing the Superintendent at SCI-Graterford to commence deducting the full filing fee from Plaintiff's prison trust fund account.

[2] On February 20, 2007, Plaintiff filed with the court a motion for leave to proceed in forma pauperis.  (Doc. 5.)  The address on Plaintiff's envelope indicates SCI-Graterford rather than SCI-Frackville.  It is not known to the Court the exact date of Plaintiff's transfer to SCI-Graterford.

District courts are required to screen all civil cases brought by prisoners.  <u>See</u> 28 U.S.C. § 1915(e)(2).  That section provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  In applying the statutory requirement under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6), which authorizes a defendant to seek dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted."  Thus, the Court accepts as true the factual allegations of the complaint, <u>White v. Napolean</u>, 897 F.2d 103, 106 (3d Cir. 1990), and decides in reviewing the complaint "whether under any reasonable reading of the pleadings, plaintiff[s] may be entitled to relief."  <u>Simon v. Cebrick</u>, 53 F.3d 17, 19 (3d Cir. 1995).

In order to assert an actionable civil rights claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Further, a prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  <u>See</u>, <u>e.g.</u>, <u>Monell v. Department of Social Serv. of the City of New York</u>, 436 U.S. 658, 694-95 (1978); <u>Gay v. Petsock</u>, 917 F.2d 768, 771 (3d Cir. 1990).  Liability may not be imposed under § 1983 on the principle of respondeat superior.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

The instant complaint consists of an incomplete form complaint wherein Plaintiff asserts violations of his constitutional rights by unidentified employees at SCI-Frackville.  As the complaint now stands, it is unclear what individuals Plaintiff intends to name as defendants in

this action, what specific constitutional rights were violated by each defendant, and what actions were taken by each particular defendant to violate those rights.  While he appears to set forth a violation of his constitutional rights, Plaintiff fails to associate the alleged violations with particular defendants.  Consequently, as the complaint presently stands, it fails to state a claim for which relief can be granted.

However, the Court will grant Plaintiff an opportunity to state an actionable § 1983 claim against properly named defendants.  Plaintiff will be given twenty (20) days from the date of this Order in which to file a proper amended complaint.  If he fails to do so, his complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the case will be closed.  In preparing his amended complaint, Plaintiff is advised that Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief, . . . ."  Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Although there is not a heightened pleading standard in § 1983 cases, see Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993), a civil rights complaint such as plaintiff's, in order to comply with the standards of Rule 8, must at least set forth some facts which specifically identify the conduct of a particular defendant that is asserted to have violated plaintiff's rights.  See Grudzinski v. Commonwealth of Pennsylvania, No. 97-0739, slip op. at p.6 (M.D. Pa., April 17, 1998) (Vanaskie, J.).  A civil rights complaint can meet this standard if

it alleges the unlawful conduct, the date and place of that conduct, and the identity of the defendant responsible.  Id.

Plaintiff must assert in any amended complaint that a particular person acting under color of state law was personally involved in any alleged unlawful act or acts so that viable claims are stated.  He must link a properly named defendant with any alleged unlawful act so that the complaint states a viable § 1983 claim and gives each defendant fair notice of what allegation he makes against them and the factual grounds upon which each such claim rests.  Further, Plaintiff is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).[3]

An appropriate Order follows.

## IV. Order

**AND NOW,** this 7th day of May, 2007, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff is directed to file an amended complaint, as prescribed by the Court, within twenty (20) days of the date of this Order; and,

2. If no proper amended complaint is filed as required by § 1 hereof, the complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and the case will be closed.

s/ Yvette Kane<br>
YVETTE KANE, Chief Judge<br>
Middle District of Pennsylvania

---

[3] Plaintiff is warned that, if he fails to comply with the requirements set forth above, this case may be dismissed.